IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MONICA MORKEMO                                                                                  PLAINTIFF

      v.                            Civil No. 08-2047

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                             DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Monica Morkemo, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

The plaintiff protectively filed her application for DIB on May 3, 2005, alleging an onset date of November 10, 2002, due to post traumatic stress disorder ("PTSD"), back and neck problems, fibromyalgia, migraine headaches, and depression. (Tr. 17, 56-60, 81-83, 90-91). Plaintiff's application was denied initially and on reconsideration. (Tr. 44, 49).

An administrative hearing was held on April 4, 2007. (Tr. 409-442). Plaintiff was present and represented by counsel. Plaintiff's husband and a former employer testified on her behalf. (Tr. 433-441).

At this time, plaintiff was 41 years of age and possessed a high school education and a manicuring license. (Tr. 414). She had past relevant work ("PRW") experience as a bids coordinator, credit manager, loan processor, and waitress. (Tr. 415-419).

On October 2, 2007, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's impairments did not meet or equal any Appendix 1 listing. (Tr. 19-21). He found that plaintiff maintained the residual functional capacity ("RFC") to lift 20 pounds occasionally and 10 pounds frequently; stand/walk 2 hours in an 8-hour workday; sit for 8 hours during an 8-hour workday; occasionally climb stairs and ramps; less than occasionally but more than never kneel, crouch, crawl, and stoop; and, never balance or climb ladders, ropes, or scaffolds. (Tr. 22). Further, the ALJ concluded that plaintiff had no limitation in her ability to understand, recall, and carry out simple instructions; mild limitations in her ability to make judgments on simple work-related decisions, understand and remember complex instructions, make judgments on complex work-related decisions, interact appropriately with the public, co-workers, and supervisors, respond appropriately to usual work situations and routine work changes; and, moderate limitations in her ability to carry out complex instructions. He then defined mildly limited to mean there was slight limitation but the person could still perform generally well in that particular area, and moderately limited was defined as more than a slight limitation but the person could still perform in a satisfactory manner in the particular area. With the assistance of a vocational expert, the ALJ then found that plaintiff could perform work as production worker, credit authorizer, and charge account clerk. (Tr. 28).

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on March 20, 2008. (Tr. 4-8). Subsequently, plaintiff filed this action. (Doc. # 1). This

case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 9, 10).

**II.     Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id.* "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3),

3

1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

### A. **The Evaluation Process**:

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

AO72A
(Rev. 8/82)

### III. Discussion:

In the present case, plaintiff filed additional medical evidence with the Appeals Council, which was reviewed and considered prior to the issuance of the Council's determination. When "a claimant files additional medical evidence with a request for review prior to the date of the [Commissioner's] final decision, the Appeals Council MUST consider the additional evidence if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Williams v. Sullivan*, 905 F.2d 214, 215-216 (8th Cir. 1990). However, the timing of the evidence is not dispositive of whether the evidence is material. *Id.* Evidence obtained after an ALJ decision is material if it related to the claimant's condition on or before the date of the ALJ's decision. *Basinger v. Heckler*, 725 F.29 1166, 1169 (8th Cir. 1984).

Once it is clear that the Appeals Council has considered newly submitted evidence, as is the case here, we do not evaluate the Appeals Council's decision to deny review. Instead, our role is limited to deciding whether the administrative law judge's determination is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made. *See, e.g.*, *Nelson v. Sullivan,* 966 F.2d 363, 366 (8th Cir. 1992), and *Browning v. Sullivan,* 958 F.2d 817, 822 (8th Cir.1992). Of necessity, that means we must speculate to some extent on how the administrative law judge would have weighed the newly submitted reports if they had been available for the original hearing. We consider this to be a peculiar task for a reviewing court. *See Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994).

In the present case, the record is littered with evidence concerning plaintiff's back and neck impairments. Plaintiff was involved in at least two significant car accidents in which she sustained injuries to her back and neck. Her diagnoses included degenerative disk disease in the cervical and lumbar spine with spinal ethesopathy, scoliosis, fibromyalgia, arthritis, severe myofascial pain, chronic pain syndrome, and a herniated disk in her cervical spine. Although records indicate that plaintiff was not a candidate for surgery, due to the nature of her condition, most conservative methods of treatment were of limited success. Epidural steroid injections provided only temporary relief. (180-191, 268-270, 301-302, 375-376, 379-384, 387-388, 391-392, 393). Therefore, at the time of the ALJ's decision, plaintiff was participating in a pain management program and taking Oxycodone and Hydromorphone, two narcotic pain medications, in addition to muscle relaxers and antidepressants/anti-anxiety medications. (Tr. 427-428). On numerous occasions, Dr. Jenson noted paraspinous spasms in the cervical region with tenderness at the C6-7 level at the intervertebral spaces and facets bilaterally. (Tr. 299-302, 372-384). She also exhibited marked trigger points in the upper and mid-belly of the trapezius and levator scapulae, paraspinous spasms in the lumbar region with palpable trigger points at the L4-5 level on the right, and marked myofascial pain in the thoracic region extending from the rhomboid muscles to approximately the L1 level on the left with palpable trigger points. (Tr. 299-302, 372-384). Plaintiff consistently complained of pain and muscle spasms.

In a letter submitted to and considered by the Appeals Council, plaintiff's primary care physician, Dr. Terry Hoyt, stated that he had been treating plaintiff for fibromyalgia, degenerative disk disease, scoliosis, and a herniated disk in her cervical spine since March 2004. (Tr. 407). As all other treatment methods had been attempted without success, he believed that oral

medications were appropriate. Therefore, he prescribed Hydromorphone and Oxycodone to be taken every 3 hours. He also voiced his opinion that plaintiff was totally disabled. In his opinion, it was beyond usual and expected outcomes for her to improve to a point where she could maintain gainful long-term employment. (Tr. 407). The ALJ, however, did not have the benefit of reviewing this letter when he made his decision in which he stated that none of plaintiff's treating doctors had concluded that plaintiff was disabled. (Tr. 25). Further, the Appeals Council reviewed it, but denied plaintiff's request for review. (Tr. 4-8). However, based on our review of the evidence, including Dr. Hoyt's opinion, we do not find substantial evidence to support the ALJ's decision.

Had Dr. Hoyt's letter been before the ALJ, it is our opinion that it would have impacted his determination. The United States Court of Appeals for the Eighth Circuit has consistently held that a treating physician's opinion is entitled to substantial weight when supported by the objective medical evidence. *See Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 730 (8th Cir. 2003) (holding that a treating physician's opinion is generally entitled to substantial weight). Here, there is objective evidence to support Dr. Hoyt's opinion. Therefore, we believe remand is necessary to allow the ALJ to review all of the evidence.

We note that the record contains no RFC assessments from any of plaintiff's treating doctors. Instead, the ALJ relied on the opinions of consultative examiners who examined the plaintiff once or not at all. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence). Given the nature of plaintiff's impairments and the combination of medications prescribed to treat her, we believe the record should contain RFC

assessments from her treating doctors. Therefore, on remand, the ALJ should address interrogatories to plaintiff's treating physicians, asking them to review her medical records during the relevant time period; to complete an RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for their opinion, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 0788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

The record also mentions that plaintiff attended several counseling sessions with a Dr. Sally Goforth. (Tr. 397). However, the record does not contain any of these records. On remand, the ALJ is also directed to supplement the record with treatment notes from Dr. Goforth's sessions with plaintiff.

### IV.   Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 09th day of July 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE