IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MONICA MORKEMO                                          PLAINTIFF

            v.            Civil No. 08-2047

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                          DEFENDANT

J U D G M E N T

Now on this 27th day of August, 2009, comes on for consideration the **Magistrate Judge's Report And Recommendation** (document #11), and **Defendant's Objection To The Magistrate Judge's Report And Recommendation** (document #12), and from said documents, and the response thereto, the Court finds and orders as follows:

1.   Monica Morkemo ("Morkemo") applied for a period of disability and disability insurance benefits.  Her application was denied by the Administrative Law Judge ("ALJ").  She appealed, and new evidence was accepted by the Appeals Council, but that body found no reason to review the ALJ's decision and denied Morkemo's request for review.  Morkemo then petitioned for judicial review.  The matter was referred to the Magistrate Judge for Report And Recommendation, which was duly completed.  Defendant now objects to the Report And Recommendation.

2.   The ALJ found that Morkemo has the following severe impairments:  migraine headaches; degenerative disc disease with

chronic myofascial[1] pain in the cervical, thoracic and lumbar regions; major depression, moderate, without psychosis; and post-traumatic stress disorder. In spite of these impairments, the ALJ found that Morkemo was not disabled, finding that there are jobs in the national economy that she can still perform in spite of her impairments.

3.   The Magistrate Judge reported that there was not substantial evidence to support the Commissioner's decision because the Administrative Law Judge did not have before him for consideration a letter from Morkemo's treating physician Dr. Terry Hoyt; the record does not contain Residual Functional Capacity ("RFC") assessments from Morkemo's treating physicians; and the record does not contain records of counseling sessions attended by Morkemo.

The Magistrate Judge recommended that the matter be remanded pursuant to sentence four of **42 U.S.C. § 405(g)** for further consideration, and that in connection with such further consideration the Commissioner obtain RFC assessments from Morkemo's treating physicians and the records of her counselor.

4.   Defendant objects that RFC assessments are not required from each treating physician, and that the Administrative Law

---

[1]According to <u>Stedman's Medical Dictionary</u>, 28th Edition (from which all medical definitions in this Order are taken), myofascial means "[o]f or relating to the fascia surrounding and separating muscle tissue." Fascia is "[a] sheet of fibrous tissue that envelops the body beneath the skin; it also encloses muscles and groups of muscles and separates their several layers or groups."

-2-

Judge, not a plaintiff's physician, is responsible for determining RFC.  Defendant also objects that plaintiff could have produced her counselor's notes in timely fashion during administrative proceedings, and that she is not prejudiced by the fact that they are missing from the record.

5.  This Court's role, in reviewing the Commissioner's decision, is limited to determining whether that decision is supported by substantial evidence in the record as a whole, considering both the evidence which supports the decision and that which detracts from it. **Siemers v. Shalala, 47 F.3d 299 (8th Cir. 1995).**  Substantial evidence is not necessarily a preponderance of the evidence, but it must be enough that a reasonable mind might find it adequate to support the conclusion drawn from it.  If it is possible to draw two inconsistent conclusions from the evidence, and one of them is the Commissioner's conclusion, this Court must affirm the Commissioner's decision.  **Oberst v. Shalala, 2 F.3d 249 (8th Cir. 1993).**

Where, as here, new evidence was submitted after the ALJ made his determination but before the Appeals Council considered the matter, the judicial task is

> limited to deciding whether the administrative law judge's determination is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made. Of necessity, that means that we must speculate to some extent on how the administrative law judge would have weighed the newly submitted reports if they had been

available for the original hearing.
**Riley v. Shalala**, **18 F.3d 619, 622 (8th Cir. 1994)**.

It is with these principles in mind that the Court evaluates the Commissioner's decision, the Magistrate Judge's Report And Recommendation, and the Objections thereto.

6.   The term RFC refers to what a Social Security claimant can do despite her limitations.  The Eighth Circuit has explained by whom, and upon what basis, such a determination is made in a Social Security case:

> The ALJ must determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations.
>
> Although the ALJ bears the primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence, we have also stated that a claimant's residual functional capacity is a medical question.  [S]ome medical evidence must support the determination of the claimant's RFC, and the ALJ should obtain medical evidence that addresses the claimant's ability to function in the workplace[.]  In evaluating a claimant's RFC, the ALJ is not limited to considering medical evidence, but is required to consider at least some supporting evidence from a professional.

**Baldwin v. Barnhart**, **349 F.3d 549, 556 (8th Cir. 2003)** (internal citations and quotation marks omitted).

7.   The source of medical evidence in a Social Security case is important in the review process.  A treating physician's opinion is entitled to substantial weight, so long as it is supported by medically acceptable clinical or diagnostic data.  The opinion of a specialist is entitled to more weight, in the

-4-

area of specialization, than the opinion of a generalist.  The opinion of a consulting physician who examines the claimant only once, or not at all, does not generally constitute substantial evidence.  **Kelley v. Callahan, 133 F.3d 583 (8th Cir. 1998).**

8.   In the case at bar, the medical evidence relied upon by the ALJ to determine RFC came primarily from three consultative examiners who examined Morkemo only once: Dr. Robert Thompson, an orthopedist; Dr. Patricia Walz, a psychologist; and Dr. Robert Spray, a psychologist.  The ALJ made only passing reference to the medical evidence in the record from Dr. Raymond Sorensen and Dr. Terry Hoyt, the two medical care providers most involved in dealing with Morkemo's complaints of physical pain[2], mentioning "a longstanding history of treatment for migraine headaches and severe myofascial pain in her cervical, thoracic and lumbar regions consisting of trials of a variety of medications, trigger point injections and lumbar epidural steroid injections."

The Court believes that the ALJ would have given more weight to the medical records of both Dr. Hoyt and Dr. Sorensen if he had had the letter of Dr. Hoyt before him for consideration.  One of the reasons given by the ALJ for his decision was that "the record does not contain any opinions from treating, examining or reviewing physicians indicating that the claimant is disabled or

_____

[2]Dr. Sorensen began treating Morkemo in March, 2004, and was still treating her as of December, 2007.  Dr. Hoyt was Morkemo's primary care physician starting on May 11, 2006, and continuing until at least November 29, 2007.

even has limitations greater than those determined in this decision." In his letter dated November 29, 2007, and received after the ALJ made his decision, Dr. Hoyt states that in his opinion Morkemo is totally disabled.

While Dr. Hoyt's conclusion that Morkemo is disabled is not dispositive -- that is the ultimate issue for the Commissioner -- RFC is a crucial component of the disability decision, and it is largely a medical question. **Singh v. Apfel, 222 F.3d 448, 451 (8th Cir. 2000).** Because the medical evidence on that issue is not sufficiently developed, Dr. Hoyt's letter calls out the ALJ's duty to develop it. **Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004).** This can best, and quite simply, be done by obtaining from Dr. Hoyt a completed RFC assessment form. In addition, because of the length of time Dr. Sorensen has treated Morkemo, the Court agrees that such a form should also be obtained from him.

9. There is another reason this matter must be remanded. In Section 4 of the Letter Opinion, the ALJ purported to consider whether any of Morkemo's impairments or combination of impairments met or medically exceeded a listed impairment. Although the ALJ stated therein that he considered musculoskeletal and neurological impairments, the analysis in Section 4 deals exclusively with mental impairments. There is no indication therein that the ALJ, in fact, gave any consideration to whether Morkemo's physical

impairments, combined with her depression, met or exceeded a listed impairment. Accordingly, the Court believes the ALJ's analysis on this issue is flawed.

Where a claimant has multiple impairments, the Commissioner is required "to consider the combined effect of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient medical severity to be disabling." **Cunningham v. Apfel**, **222 F.3d 496, 501 (8th Cir. 2000)**.

There is no question that Morkemo has multiple impairments, as the ALJ found, nor can it be seriously questioned that these impairments have a synergistic effect, in light of the following statements in the record:

*    Dr. Dr. James Deneke, a rheumatologist who examined Morkemo, found that her depression "significantly amplif[ied]" her spinal pain, "producing chronic pain type syndrome."

*    Dr. Thompson, one of the consultative examiners -- noting that Morkemo thought she would be having surgery to treat her pain but her records reflected that no medical care provider had so recommended -- opined that there is "a discrepancy between the patient's understanding and what she is able to hear and process and I think that this is directly related to the severity of her depression, which, I believe, is quite serious." He noted that the "dominant feature" of her condition is "the chronic pain

syndrome combined with the severe clinical depression."

* Dr. Walz, another of the consultative examiners, noted that Morkemo's MMPI-2 score was that of a person reporting "debilitating depression with physiological symptoms including pain, sleep/appetite impairment, low energy, and poor concentration."

* Dr. John Swicegood, an interventional pain management specialist consulted by Morkemo, noted that he did not "think any intervention would be useful until her psycho-reactive issues are improved upon, clearly anger, depression, and frustration will impede any interventional efforts."

* The Vocational Expert who was present throughout Morkemo's hearing before the ALJ was asked, "if the person had the limitations that you just heard the Claimant testify about and the other witnesses testify about, just purely the psychological limitations and problems, would there be any work that person could do?" The answer was "[n]o sir. There would not."

Remand is appropriate for consideration of the combined effect of all Morkemo's impairments on her ability to do gainful work.

10. At the time of the hearing, Morkemo was taking

oxycodone[3], hydromorphone[4], Soma[5], Valium[6], and Effexor[7]. There are many references in the record to the side effects Morkemo experienced from taking these medications. At the hearing before the ALJ, Morkemo testified that she experienced grogginess and memory problems as a result of her medications, and described herself as "kind of drugged out, I don't know of a better word to use when I'm on enough medication to function physically."

The RFC determination must be based on all the relevant evidence. **Baldwin***, supra,* **349 F.3d at 556.** In **Polaski v. Heckler**, **739 F.2d 1320, 1322 (8th Cir. 1984),** the court held that a social security adjudicator "must give full consideration to all of the evidence presented relating to subjective complaints" such as pain, including "dosage, effectiveness and side effects of medication." There is no evidence that the ALJ took Morkemo's medication regimen into consideration in determining her ability to do gainful work. This must be clarified because a failure to

---

[3]Oxycodone is a narcotic, with effects similar to that of morphine. Side effects may include light-headedness, dizziness, and sedation. Physicians' Desk Reference, 2007 Edition.

[4]Hydromorphone hydrochloride is a Schedule II narcotic. It can cause sedation, drowsiness, mental clouding, lethargy, and impairment of mental and physical performance, among many other undesirable side effects. Physicians' Desk Reference, 2007 Edition.

[5]Soma is a centrally-acting muscle relaxant plus aspirin. Drowsiness is its most common side effect. Physicians' Desk Reference, 1995 Edition.

[6]Valium is an anti-anxiety medication, also used to treat muscle spasm. Common side effects include drowsiness and fatigue. Physicians' Desk Reference, 2007 Edition.

[7]Effexor is an antidepressant. Somnolence is a common side effect. Physicians' Desk Reference, 2007 Edition.

consider it would be error.

11.  With regard to the records of Morkemo's counselor, the Court does not consider their absence to be an issue that would merit remand, standing alone.  Given that the matter must be remanded for other reasons, however, the counselor's records should be obtained and reviewed in the interest of fairly developing the record.

12.  For the reasons set forth above, when the Court considers both the evidence which supports the Commissioner's decision and that which detracts from it, it concludes that there is not substantial evidence in the record as a whole to support the Commissioner's decision.  The Commissioner failed to consider Dr. Hoyt's opinion that Morkemo is disabled, failed to consider the synergistic effect of her mental condition upon her physical condition, and failed to consider the effect of her medications on her ability to do gainful work.

**IT IS THEREFORE ORDERED** that the **Magistrate Judge's Report And Recommendation** (document #11) is **adopted in toto**, and **Defendant's Objection To The Magistrate Judge's Report And Recommendation** (document #12) is **overruled.**

**IT IS FURTHER ORDERED** that this matter is **remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g)**, with instructions to obtain and consider RFC assessments from Dr. Terry Hoyt and Dr. Raymond Sorensen, and

to obtain and consider the counseling records of Dr. Sally Goforth.

**IT IS SO ORDERED.**

**/s/ Jimm Larry Hendren**
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**

-11-